# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN HOLDER and RASHEEDA HOLDER, | CASE NO. 1:11-cv-00716-SMS |
| Plaintiffs, | SCREENING ORDER STRIKING MEDICAL RECORDS FROM THE COMPLAINT AND PERMITTING PLAINTIFFS TO PROCEED OR TO AMEND THEIR COMPLAINT |
| v. | |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |

Proceeding *pro se* and *in forma pauperis*, Plaintiffs Benjamin Holden and his daughter, Rasheeda Holden, appeal the Commissioner's determination that Benjamin Holden is ineligible for social security disability benefits. This Court has screened Plaintiffs' complaint and hereby provides Plaintiffs with the option of proceeding with the original complaint or amending the complaint as discussed herein.

**I.    Screening**

A court has inherent power to control its docket and the disposition of its cases to promote economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a

///

claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

## II. Scope of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, a court must determine whether substantial evidence supports the Commissioner's decision. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and the ALJ's findings are supported by substantial evidence. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (*internal citation and quotation marks omitted*).

## III. Legal Standards for Disability Benefits

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). The process requires consideration of the following questions:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

Generally, the written decision prepared by the Administrative Law Judge ("ALJ") will set forth his or her analysis of a claimant's disability application using these five steps.

**IV.** **<u>Discussion of Plaintiffs' Complaint</u>**

Plaintiffs have prepared a very brief complaint that simply states that they believe that the Commissioner denied Benjamin Holden benefits. This Court interprets Plaintiffs' complaint to set forth a general claim that the Commissioner's decision was not supported by substantial evidence. This Court's review of the Commissioner's decision is circumscribed by the scope of review and limited to the contents of the agency record of Benjamin Holden's application. The agency record will be provided to the Court in the course of the proceeding of this appeal.

Accordingly, the seventy-five pages of medical records attached to Plaintiffs' complaint shall be stricken.

Plaintiffs will have the opportunity to argue their claim in more detail in their opening brief, which they shall be directed to submit at a later stage of their pending appeal. Accordingly, this Court considers Plaintiffs' complaint to be sufficient to permit this Court to review the Commissioner's determination to determine whether it was supported by substantial evidence.

Nonetheless, Plaintiffs may elect to amend the complaint to clearly set forth all of their claims and the factual basis for each claim. For example, Plaintiffs may have intended to allege that the ALJ erred in disregarding the opinion(s) of Benjamin Holden's doctor(s) or in concluding that Benjamin Holden's testimony was not credible, among other possible contentions. In determining whether they wants to amend the complaint to clarify their intent to include additional claims, Plaintiffs may be guided by this Court's scope of review, set forth above, and by the five-step analysis set forth above and applied by the ALJ in his or her decision. They should explicitly set forth that Rasheeda Holden has joined this action to secure such benefits as may be due to her as a result of her father Benjamin Holden's disability. If Plaintiffs elect to amend the complaint, as this order permits them to do, they should prepare it in the standard form of numbered statements, each of which sets forth a single factual allegation.

**V. Conclusion and Order**

Although Plaintiffs' complaint is very brief, this Court considers it to allege a claim that substantial evidence does not support the Commissioner's denial of benefits. In the event that the Court has failed to identify any additional claims that Plaintiffs intended to make, this Court will provide Plaintiffs with the opportunity to file an amended complaint more clearly setting forth their intended claims. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiffs do not wish to file an amended complaint and are agreeable to proceeding only on the claim identified by the Court, Plaintiffs may so notify the Court in writing, and the Clerk will provide them with further instructions on how to proceed to serve the Commissioner.

///

If Plaintiffs elect to file an amended complaint, Plaintiffs are advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiffs are warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that, on or before June 10, 2011, Plaintiffs must either (1) file an amended complaint, or (2) notify the Court in writing that they does not wish to file an amended complaint and wish to proceed only on the claims identified by the Court. If Plaintiffs fail to respond by June 10, 2011, this action will proceed on Plaintiffs' original complaint.

In addition, the seventy-five pages of medical records appended to Plaintiffs' complaint are HEREBY STRICKEN from the Complaint.

IT IS SO ORDERED.

**Dated: May 9, 2011**                     /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE